FOURTH DISTRICT—NOVEMBER, 1911. 333

Village of Upper Alton v. Alton Gas & Electric Co., 165 Ill. App. 333.

## Village of Upper Alton, Appellant, v. Alton Gas & Electric Company, Appellee.

MANDAMUS—*when does not lie to compel laying of gas mains.* Mandamus will not be awarded to compel the laying of gas mains if the right to lay gas mains as conferred by an ordinance is permissive and enabling and not imperative and obligatory. *Held,* further, that the awarding of the writ will be denied in the absence of a showing that such mains are desired or needed by residents of the streets in question and that there exists on such streets a sufficient demand for gas to insure to the company a sufficient return for its necessary outlay in laying such mains.

Mandamus. Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed November 11, 1911.

**Statement by the Court.** Judgment was rendered in the lower court for appellee on demurrer to the petition of the appellant for a writ of *mandamus* at the relation of its president, to compel appellee to extend its gas mains through certain streets in the petition mentioned, by virtue of an ordinance passed by appellant, March 31, 1906, on petition of appellee signed by the owners of more than one-half the land and lot frontage on said streets. The village appeals from that judgment.

The petition of appellee and the frontage owners asked the president and trustees of appellant to pass an ordinance granting to appellee "The right, privilege and franchise to it and its successors and assigns, to lay, maintain and use gas mains, pipes, feeders and service pipes," in certain streets therein named, "for furnishing gas for light, heat and other purposes." The ordinance is entitled, "An ordinance granting unto the Alton Gas & Electric Company, its successors and assigns, to lay and maintain gas mains or pipes in certain streets in the village of Upper Alton."

The material parts of the said ordinance necessary to this decision are as follows:

Section 1. "That a petition in accordance with the

334    APPELLATE COURTS OF ILLINOIS.

Village of Upper Alton v. Alton Gas & Electric Co., 165 Ill. App. 333.

statute in such case made and provided, duly signed by the owners of the land representing more than half of the frontage * * * having been presented to said President and Board of Trustees, the right, privilege and franchise be and is hereby granted to the Alton Gas & Electric Company of Alton, Illinois, its successors and assigns, to lay, maintain and use gas mains, pipes, feeders and service pipes in the following streets or parts of streets in said village, for furnishing gas for light, heat and other purposes, to-wit:" (Parts of nine streets are then named and designated.)

Sec. 2. "That said Alton Gas and Electric Company shall commence furnishing gas to said village within one year from the date of the acceptance of this ordinance, and said company by its acceptance of this ordinance undertakes and agrees not to charge any greater price for fuel and illuminating gas than may be charged therefor by said company, its successors and assigns, in the City of Alton."

The ordinance then further provides that said company in laying pipes for gas, shall leave the streets in as good condition as it found them; and, in case of failure so to do, to pay the city the expense of so repairing them; that whenever the city shall change the grades of any of said streets the company at its own cost shall raise or lower its pipes to correspond with the new grade; that the company shall hold the city harmless against all damages to person or property by reason of the operation of said gas mains; and that the ordinance shall not be construed as "an exclusive grant," and that the village may at any time "grant any other company the right and franchise to lay and maintain gas mains in said village."

The petition avers that after the ordinance was accepted by appellee, it proceeded to lay its gas mains in some of said streets mentioned, and in parts of other streets, but failed to place or lay any gas mains in all of said streets. The petition then specifies portions of said streets in which it avers no gas mains were laid by appellee.

JOHN F. McGINNIS, for appellant.

SCHAEFER, FARMER & KRUEGER, for appellee.

PER CURIAM. The Circuit Court properly sustained the demurrer to the said petition for several causes specified in appellee's demurrer, all of which are challenged as insufficient by appellant.

First. It is optional with appellee as to whether or not it will lay its gas mains on any or all of the streets named in the petition. A careful examination of the ordinance in all its parts does not reveal a single section or sentence that imposes on appellee a positive obligation to lay and maintain gas mains in every one of the nine streets mentioned in the ordinance. Particularly must we so hold in the absence of any showing or claim on the part of appellant in its petition that such gas mains are desired or needed by residents on said streets, and that there exists on such streets a sufficient demand for gas to insure appellee a sufficient return for its necessary outlay in laying such gas mains. The character of this ordinance as shown in all of its sections when considered together, is aptly described by the following language used by the court in State of Minn. v. The S. M. R. R. Co., 18 Minn. 49, to wit: "Certainly there is nothing in these passages of the statutes (ordinances) which *in terms* impose the complete and perfect *legal obligation* spoken of upon the defendant. The language is permissive and enabling, not imperative and obligatory." In such case the appellee must be construed under the ordinance to be granted the mere right to lay the gas mains in such streets as it may determine; and if it determines not to do so because of no sufficient demand for gas, or for any other reason satisfactory to itself, there is no legal cause for complaint if it does not elect to lay gas mains in any of such streets. After it has laid gas mains in some or all of such streets in pursuance of such ordinance, it might then be compelled to carry out all of the provisions of the or-

336 · Appellate Courts of Illinois.

Village of Upper Alton v. Alton Gas & Electric Co., 165 Ill. App. 333.

dinance in every particular as to such streets; but until it has laid the gas mains and entered upon the enterprise contemplated by the ordinance, it is optional on its part as to whether or not it shall lay gas mains in any or all the streets, and it cannot be compelled to do so by *mandamus*. The York and N. M. Ry. Co. v. The Queen, 1 Ellis & Blackburn (72 Eng. Com. Law) 858; San A. St. Ry. Co. v. State, 35 L. R. A. 662; People v. N. Y. L. E. & W. R. R. Co., 104 N. Y. 58; Sherwood v. At. & D. R. Co., 94 Va. 291; Northern Pac. R. Co. v. Washington T., 142 U. S. 492; High on Extraordinary Legal Remedies, Secs. 315, 316, 317. The laying of part of the streets with gas mains, however, would not be grounds of compelling appellee to lay gas mains in all the said streets. Same authorities.

Second. The petition does not allege that there is any public demand for gas along any or all of said streets named, or that there are in fact any residents on said streets. This objection to the petition is so clearly sound as to scarcely need argument or authorities to support it. The ordinance gave the appellee a year in which to "commence" to furnish gas to said village. It clearly has begun to furnish gas to the village as shown by the petition. In no event could it be required to furnish gas to persons not wanting gas, nor at places where gas was not required or desired. In other words, if the ordinance was in terms imperative and obligatory, appellee could only be required to furnish gas in such quantities demanded or required by the village and its citizens. In the absence of some showing by averments that more gas was required or needed by the village or its inhabitants, no court would be warranted in compelling the appellee to either furnish more gas or lay gas mains for the purpose of furnishing gas to persons not shown to exist or to have needs for gas. So far as shown by the petition it is prosecuted in the interest of persons not named or shown to exist. Neither

does it appear from any allegation in the petition that the outlay for such gas mains would be in any part met by the sale of gas on said streets. "The granting of the writ of *mandamus* is discretionary with the court, in view of all the existing facts and with due regard to the consequences which will result." The People v. City of R. I., 215 Ill. 488; Kenneally v. Chicago, 220 Ill. 485.

The writ, if granted, must also be effectual as a remedy, and it must be within the power of the respondent, as well as his duty, to do the act in question. The People v. City Council of Chicago, 106 Ill. App. 72.

There is no averment in the petition showing it to be within the power of the appellee to do the things required of it.

Other reasons are suggested why the demurrer should be sustained, but it will not be necessary to consider them.

For the reasons aforesaid the judgment of the lower court is affirmed.

*Affirmed.*